```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Stephen Rumph

   v.                                            Civil No. 16-cv-078-PB

William Rumph, Sr.; Donald Kennedy;
Andrew Rumph; Chryl Claflin; and
Law Office of Donald Kennedy

### REPORT AND RECOMMENDATION

Plaintiff Stephen Rumph's Complaint (doc. no. 1) is before this court for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).  The complaint includes a request that this court "attach the Defendants' properties and hold them in constructive trust until the resolution of this action."

### I.   Preliminary Review Standard

Upon preliminary review, pro se complaints are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  After reviewing the complaint, the magistrate judge may report and recommend to the court that the filing be dismissed because the action fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii); LR 4.3(d)(2)(A). To state a claim, the complaint "must contain enough factual material to raise a right to relief above the speculative level."  Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 780 (1st

Cir. 2014) (citation omitted), <u>cert. denied</u>, 135 S. Ct. 2380 (2015).

## II. <u>Service</u>

The Complaint (doc. no. 1) both pleads facts showing that this court has diversity jurisdiction over the case, and sufficiently alleges one or more claims for relief under state common law to allow the action to proceed.  Without prejudice to defendants' ability to move to dismiss any claim, or to file any other appropriate motion or response, the court this date has directed service of the Complaint (doc. no. 1) upon defendants.

## III. <u>Prejudgment Attachment</u>

The Federal Rules of Civil Procedure provide that "[a]t the commencement of and throughout an action, every remedy is available that, under of the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Fed. R. Civ. P. 64(a). In New Hampshire, "[i]n all civil actions . . . a defendant shall be given notice and an opportunity for a preliminary hearing before any pre-judgment attachment . . . shall be made." N.H. Rev. Stat. Ann. ("RSA") § 511-A:1.  The New Hampshire pre-judgment attachment statute also requires that "the plaintiff shall cause to be served on the defendant . . . a notice, which shall be incorporated prominently in the writ or order of

notice." RSA § 511-A:2. That statute goes on to describe the language that must be included in such a notice. See RSA § 511-A:2, I-IV. There are exceptions to the notice requirement, which do not appear to apply here. See generally RSA § 511-A:8.

Plaintiff has requested a prejudgment attachment without serving the required notice on defendants. The motion does not include the language required by RSA § 511-A:2, and therefore is no substitute for the required notice. Accordingly, the request to attach defendants' properties should be denied, without prejudice to plaintiff's ability to refile a prejudgment attachment petition, pursuant to RSA § 511-A, that complies with state law. See B & R Produce Packing Co. v. A & H Farms, Inc., No. 13-CV-367-JD, 2013 U.S. Dist. LEXIS 173365 at *2-*3, 2013 WL 6498279 at *1 (D.N.H. Dec. 10, 2013) (prejudgment attachment motion denied for failure to comply with state's notice requirements).

## Conclusion

For these reasons, plaintiff's request to attach defendants' properties, as set forth in the Complaint (doc. no. 1), should be denied without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure

to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 11, 2016

cc: Stephen Rumph, pro se